UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MALIQUE CLARK, | ) |
|           Plaintiff, | ) Case Number: |
| Vs. | ) |
| | ) Judge: |
| | ) |
| THOMAS J. DART, | ) |
| COOK COUNTY SHERIFF, | ) |
| RICHARD SMITH, UNKOWN FIRST | ) Magistrate Judge: |
| NAME, OFFICER WILLIAMS, UNKOWN | ) |
| CERMAK EMPOYEES, and | ) |
| COOK COUNTY ILLINOIS, | ) |
|           Defendants. | )JURY TRIAL DEMANDED |

## Complaint at Law

NOW COMES Plaintiff MALIQUE CLARK (hereinafter "Plaintiff" and/or "Clark"), by and through his attorney Michelle Gonzalez, and complains against Defendants, Thomas Dart, Sheriff Richard Smith and unknown first name, Sheriff Williams of Cook County Jail and Cook County, Illinois as follows.

## Introduction

1. This action arises out of the unprovoked and malicious beating of Plaintiff Malique Clark in the Cook County Jail by Cook County Corrections Officer Richard Smith and Williams, unknown First Name.

## Jurisdiction and Venue

2. Jurisdiction is proper because the cause of action arose on or about September 20, 2022, and the Statute of Limitations is two years. This cause of action must be filed, on or before, September 20, 2024. This action was filed on September 13, 2023.

1

3. This court has subject matter jurisdiction pursuant to 28 U.S. C. §1343, 28 U.S.C. §1331. This is a suit authorized and instituted pursuant to the Act of Congress known as the "Civil rights act of 1991," and the "Civil rights Act of 1866." 42.U.S.C. §1983.

4. Upon information and belief the amount in controversy in this action exceeds $100,000, exclusive of interests and costs.

4. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. §1391(b) and (c). Defendants reside and do business in the Northern District of Illinois. Defendants are subject to personal jurisdiction in the State of Illinois for the purposes of this lawsuit. Moreover, all of the events giving rise to the claim asserted herein occurred within Cook County.

6. Plaintiff in his claim requests compensation for actual damages, emotional distress, punitive damages, attorney's fees, lawsuit costs, and all other damages permitted by law.

## THE PARTIES

**PLAINITFF**

4. Plaintiff was a resident of the City of Chicago, Cook County, Illinois before placed into custody at the Cook County Jail

5. Plaintiff was a detainee in the Cook County Jail on or about September 20, 2022.

5. Plaintiff is now an inmate of the Illinois Department of Corrections, **Dixon Correctional Center, Dixon, Lee County, Illinois**

**DEFENDANT**

5. The defendants, Tom Dart, Cook County Corrections Officer Richard Smith, Sheriff Williams, Unknown First Name and Cook County, IL. The Sheriff Tom Dart is sued in his official

capacity only. Cook County is joined pursuant to *Carver vs. Sheriff of LaSalle County, 324 F.3d 947 (7th Cir. 2003)*

6. At all times relevant, Defendant Cook County was the employer of Cook County Corrections Officer, Richard Smith and Williams.

7. Upon information and belief Cook County Corrections Officer, Richard Smith, and Williams are residents of the City of Chicago, Cook County, Illinois.

## STATEMENT OF FACTS

### Count I -Act Under Color of Law

The September 20, 2022, Beating of Malique Clark

8. On or about September 20, 2022, Plaintiff was a detainee in the Cook County Jail.

9. Plaintiff was handcuffed while on the phone in the Cook County Jail.

9. At that time, Plaintiff had finished his call and informed the Sheriff he was done

10. Plaintiff was asked to go into his cell.

11. Smith got in Clark's face and started hitting Clark.

12. Smith kicked Clark and when Clark fell to the ground, Smith was kicking him and kneeing him in the face.

11. Clark sustained serious injuries.

12. Clark was shown the video of the incident by an unknown Sergeant who informed him that Smith will be charged for this incident.

13. When Clark became unconscious from the acts of Smith, then another Sheriff last name Williams approached and continued to beat Clark.

12. The conduct of Smith and Williams was intentional, willful and wanton behavior.

3

13.     As a result of the beating of Clark by Smith and Williams, he spent weeks in the hospital and incurred vast medical bills for hospital and doctor's costs.

14.     As a direct and proximate result of the unknown Cook County Sheriff's' failure to act reasonably, and as a proximate and direct result of the Smith's and Wiliams' overt act of beating the Plaintiff, he suffered injuries both physical and mental in nature.

15.  All defendants and other actors have acted under the color of law in the State of Illinois, at all times relevant to this complaint.

## Count II
## Excessive Force

16.     Plaintiff hereby incorporates and references Paragraphs 1 through 15 of this Complaint as Paragraphs 1-15 of this Count II.

25.     As described in the preceding paragraphs, the intentional willful and wanton conduct of Smith toward Clark constituted excessive force in violation of the United States and State of Illinois Constitutions.

26.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

27.     As a result of the unjustified and excessive use of force by the Defendant Smith and Williams, Plaintiff, Clark sustained injuries, including but not limited to physical harm and emotional distress, which continue to this day.

28.     The misconduct described in this Count and all actions of the Cook County correctional Officer Smith were taken within the scope of their employment and under the color of  State law.

29.  The acts of excessive force by Defendant, Richard Smith and Williams, against Clark were the direct and proximate cause of serious and ongoing physical and psychological injuries to Clark.

30. The conduct of Defendant, Smith, was willful and exhibited a flagrant disregard for Clark's federally secured due process rights. Accordingly, Defendants are liable to Clark under 42 U.S.C. §1983.

29. **Wherefore**, Plaintiff, Clark, respectfully requests that this Court enter judgment in his favor and against Defendants Thomas Dart and Cook County Corrections Officer, Richard Smith, and Williams, and Cook County, and award him compensatory damages, costs, attorneys' fees pursuant to §42 U.S.C. 1988, along with punitive damages against the Defendants, as well as any other relief this Court deems just and appropriate.

## Count III
## Battery

30. Plaintiff hereby incorporates and references Paragraphs 1 through 29 of this Complaint as Paragraphs 1-29 of this Count III.

31. As a direct and proximate cause of Defendants actions, Plaintiff has suffered, and continues to suffer, physical pain, emotional distress and mental suffering.

33. **Wherefore**, Plaintiff respectfully requests that this Court enter judgment in his favor and against the Defendants Thomas Dart and Cook County Correction's Officer, Richard Smith and Williams, and award Plaintiff, Clark, compensatory damages, costs, attorney's fees pursuant to 42 U.S.C. § 1988, along with punitive damages against the Defendant's, as well as any other relief this Court deems just and appropriate.

## Count IV
## Intentional Infliction of Emotional Distress

34. Plaintiff hereby incorporates and references Paragraphs 1 through 33 of this Complaint as Paragraphs 1 through 33 of this Count IV.

35. The willful and wanton intentional conduct described above of Defendants was extreme and outrageous and went beyond all bounds of human decency.

36. At the time Defendant, Richard Smith and Williams, participated in the extreme and outrageous conduct described above, they intended to inflict severe emotional distress on the Plaintiff or knew there was a high probability that their conduct would do so.

37. As a direct and proximate result of the extreme and outrageous conduct described above, the Plaintiff suffered extreme and outrageous distress which continues to this day.

38. **Wherefore**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant Thomas Dart, Cook County sheriff' Richard Smith and Williams, and Cook County Illinois and award him compensatory damages, costs, attorney's fees, along with punitive damages against the unknown Cook county sheriffs in their individual capacities, as well as any other relief this Court deems just and appropriate.

## COUNT V: DENIAL OF PROPER MEDICAL ATTENTION\DELIBERATE INDIFFERENCE TO CLARK'S MEDICAL NEEDS

39. Defendants failed to ensure that Clark received prompt and adequate medical care subsequent to the beating he received on September 20, 2022.

40. The actions of Defendant exhibited deliberate indifference to Clark's serious medical needs, were done under color of state law, and violated Clark's rights under the fourteenth Amendment to the United States Constitution.

41. As a direct and proximate result of the actions of Defendant in failing to ensure that Clark received prompt and adequate medical care, Clark was subjected to increased pain and the threat of serious physical injury.

42. Clark was denied proper medical care by unknown Cermak employees.

42. The conduct of Defendant was willful and exhibited a flagrant disregard for Clark's federally secured rights. Accordingly, Defendants are liable to Clark under 42 U.S.C. § 1983.

## Count V
### Respondeat Superior

39. Plaintiff hereby incorporates and references Paragraphs 1 through 38 of this Complaint as Paragraphs 1 through 38 of this Count V.

40. In committing the acts alleged in the preceding paragraphs, Cook County Corrections Officer, Richard Smith, were members of, and agents of, the Cook County Jail and Cook County, acting at all times relevant within the scope of their employment.

41. Defendant Cook County, IL is liable as principal for all intentional tort committed by its agents.

42. **Wherefore**, Plaintiff, Clark, respectfully requests that this Court enter judgment in his favor and against Defendants Thomas Dart and Cook County Sheriff Richard Smith and Williams and award him compensatory damages, costs of suit, attorneys' fees , along with punitive damages against the Defendants, as well as any other relief this Court deems just and appropriate.

## Count VI
### INDEMNIFICATION CLAIM AGAINST DEFENDANT COOK COUNTY

43. Plaintiff hereby incorporates and references Paragraphs 1 through 42 of this Complaint as Paragraphs 1 through 42 of this Count VI.

44. Illinois law, pursuant to 754 ILCS 10/9-102 and 55 ILCS 5/46-3 and 5-1106 provides that public entities, namely Cook County, is directed to pay any tort judgment for compensatory damages (and any associated attorney's fees and costs) for which employees acting within the scope of their employment activities, is found liable.

45. Defendant, Cook County Corrections Officer, Richard Smith and Williams and unknown Cermak employees are or were employees of Cook County, and they acted within the scope of their employment in committing the misconduct described herein.

46. Defendant Cook County is liable for any judgment entered against defendants for compensatory damages and for the associated attorney's fees and costs. In the event a judgment for compensatory damages is entered against any of the Defendants, Defendant Cook County must pay the judgement, as well as associated attorneys' fees and costs.

46. **Wherefore**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant Thomas Dart and the unknown Defendant Cook County Sheriff's and award him compensatory damages, costs, attorneys' fees, along with punitive damages against the unknown Defendant Cook County Sheriff's in their individual capacity, as well as any other relief this Court deems just and appropriate.

**WHEREFORE,** Clark request that this Court grant him the following relief, jointly and severally against the above-named defendants:

- A. Judgment for compensatory damages against all defendants in an amount to be determined at trial;

- B. Judgment for punitive damages against all defendants in an amount to be determine at trial;

- C. An award of the costs of this action against all defendants, including reasonable attorneys' fees, in accordance with 42 U.S.C. §1988;

- D. An order requiring Defendant Cook County to pay any judgment for compensatory damages entered against defendants Cook County Corrections Officer, Richard Smith

8

and Williams and unknown Cermak employees, as well as the associated attorneys' fees and costs; and

E. Such other and further relief the court deems appropriate.

### Jury Demand

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted,

Michelle Gonzalez

/s/By: *Michelle Gonzalez*
Plaintiff's Attorney

Michelle Gonzalez
Michelle Gonzalez Law Office
105 Canterbury Lane, #940
Bolingbrook, IL 60440
Attorney Number 6291582
Michelle.gonz.esq@gmail.com
P: 312.504.7796