# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MALIQUE CLARK, | ) | |
| Plaintiff, | ) | Case No. 23-cv-10817 |
| v. | ) | |
| | ) | Judge Jeremy C. Daniel |
| THOMAS J. DART, | ) | |
| COOK COUNTY SHERIFF, | ) | |
| RICHARD SMITH, UNKOWN FIRST NAME, | ) | |
| OFFICER WILLIAMS, UNKOWN | ) | |
| CERMAK EMPOYEES, and | ) | |
| COOK COUNTY ILLINOIS, | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

## DEFENDANT SHERIFF DART'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendant Sheriff Dart, ("Defendant" or "Sheriff Dart"), by his attorney, KIMBERLY M. FOXX, State's Attorney of Cook County, through her assistant, Robin Clayton, pursuant to Fed. R. Civ. P. 12(b)(6), and respectfully moves this Court to dismiss Plaintiff's Complaint with prejudice. In support of this Motion, Defendant state the following:

## STATEMENT OF FACTS

The following facts are taken from Plaintiff, Malique Clark's ("Plaintiff") Complaint and are presumed true solely for the purposes of this Motion. On September 20, 2022, Plaintiff, a detainee at Cook County Jail alleges correctional officers Smith and Williams hit and kicked Plaintiff. (Dkt. No. 1 ¶¶8-12). Plaintiff claims that following the alleged attack, he did not receive prompt medical care. (Dkt. No. 1 ¶39). Plaintiff also alleges that the correctional officers are agents of Cook County and Defendant is liable for its agents' tortious actions. (Dkt. No. 1 ¶¶40-41).

**LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss should be granted if, taking well-pleaded allegations of the complaint as true, the facts plausibly suggest a right to relief. *McCauley v. City of Chi.*, 671 F.3d 611, 618 (7th Cir. 2011) (applying *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must draw all reasonable inferences in the light most favorable to the Plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). The plaintiff's factual allegations must plausibly suggest the plaintiff is entitled to relief, "raising that possibility above a speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (citing *Twombly*, 550 U.S. at 555). A "plaintiff's obligation to provide the 'grounds' of his 'entitlement for relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "A complaint will not suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2008).

**ARGUMENT**

**I.  COUNTS I AND V SHOULD BE DISMISSED AS IMPROPERLY PLEADED.**

**A. If Count V is construed against Sheriff Dart, it should be dismissed.**

As a threshold matter, Plaintiff brings all claims against Sheriff Dart under Section 1983, in his official capacity. (Dkt. No. 1 ¶¶3, 5, 30 33, 42). This includes Plaintiff's respondeat superior claim he alleges in Count V. (Dkt. No. 1 ¶¶40-41). Plaintiff includes Sheriff Dart in his prayer for relief in Count V, but he seems to direct this claim against Cook County. If the Court finds that Plaintiff alleges a respondeat superior claim against Sheriff Dart in Count V, then this claim should be dismissed because "Section 1983 does not provide for respondeat superior claims." *Edens v. O'Brien*, No. 14 C 50056, 2015 U.S. Dist. LEXIS 19639, at *4 (N.D. Ill. Feb. 19, 2015). Therefore, Count V should be dismissed against Sheriff Dart, in his official capacity.

### B. Plaintiff cannot assert a standalone claim against Sheriff Dart in Count I of "act under the color of law."

In Count I, Plaintiff alleges a claim of "act under color of law" and lists all the Defendants, including Sheriff Dart. (Dkt. No. 1 ¶15). "Act under color of law" is not a standalone claim that creates liability against Sheriff Dart. The legal phrase "act under color of law" must be connected to an action that creates a claim of liability. *See Byrne v. City of Chicago*, 447 F. Supp. 3d 707, 710 (N.D. Ill. 2019) ("A state officer's conduct does not constitute acting under color of state law unless it is related in some way to the performance of the duties of the state office"). Here, it appears the conduct Plaintiff has associated "act under the color of law" is excessive force, which is plead as separate in Count II. However, Plaintiff cannot separate "act under the color" from his excessive force claim to create two separate counts. Therefore, Count I should be dismissed as improper and duplicative of Count II.

### II. COUNTS I, II, III AND IV SHOULD BE DISMISSED BECAUSE PLAINTIFF FAILS TO ALLEGE A *MONELL* CLAIM AGAINST SHERIFF DART.

Plaintiff does not file a standalone *Monell* claim against Sheriff Dart, who is only named in his official capacity. Rather, in Counts I, II, III, IV, Plaintiff alleges claims of act under the color of law, excessive force, battery, medical indifference, and intentional infliction of emotional distress against Defendant Sheriff Dart pursuant to Section 1983. (Dkt. No. 1 ¶¶3, 29, 30, 33). However, it is well established that when "a plaintiff asserts an official capacity claim, the action is deemed to be a suit against the local government itself." *Dawson v. Dart*, No. 17-cv-00283, 2020 U.S. Dist. LEXIS 42874, at *7 (N.D. Ill. Mar. 12, 2020). Plaintiff is required to establish a *Monell* claim against Sheriff Dart, which he does not do so, and he cannot be liable in his official capacity for these mix of federal and state claims without *Monell* allegations. *See De v. City of Chicago*, 912 F. Supp. 2d 709, 724 (N.D. Ill. 2012) ("In order to state a claim under § 1981 against

a state actor, government entity, or municipality, a plaintiff must establish municipal liability under *Monell*"). Thus, Plaintiff's claims in Counts I, II, III and IV for act under the color of law, excessive force, battery, medical indifference, and intentional infliction of emotional distress claims are improperly alleged against Defendant Sheriff Dart, in his official capacity, as Plaintiff is suing a governmental entity, not an individual.

More specifically, to establish a *Monell* claim, Plaintiff must show either a policy, custom, or widespread practice violated his constitutional rights. *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). To show a gap in policy, Plaintiff must establish that Sheriff Dart had "notice that its program will cause constitutional violations." *J.K.J. v. Polk Cty.*, 960 F.3d 367, 379 (7th Cir. 2020). To properly plead widespread practices, Plaintiff must establish a pattern of similar constitutional violations with factual specificity. *See Winchester v. Marketti*, 2012 U.S. Dist. LEXIS 82761, 2012 WL 2076375, at *4 (N.D. Ill. June 8, 2012) ("What is fatal to the *Monell* claims is that Plaintiff makes no attempt to plead a pattern of similar constitutional violations with any degree of factual specificity").

Here, Plaintiff fails to plead that Sheriff Dart had any notice of constitutional violations or any facts of a pattern of similar constitutional violations. Thus, Plaintiff's Complaint is completely devoid of any policy, custom or widespread practice to support a *Monell* claim. Therefore, Defendant Dart should be dismissed in Counts I, II, III and IV.

III.   **PLAINTIFF IS BARRED FROM RECEIVING PUNITIVE DAMAGES.**

Plaintiff requests punitive damages for his alleged injuries "against the Defendants". (Dkt. No. 1 ¶¶6, 29, 33, 42, pg. 8(b)). Despite his request, punitive damages are not available in properly brought Section 1983 official capacity claims. *City of Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981). Because Plaintiff explicitly brings this lawsuit against Sheriff Dart, in his official

capacity only, this Court should not permit Plaintiff to recover punitive damages against Sheriff Dart as a matter of law. (Dkt. No. 1 ¶ 5.)

## CONCLUSION

**WHEREFORE**, Defendant Sheriff Dart respectfully requests that this Court dismiss each of the claims against Defendant Sheriff Dart set forth in Plaintiff's Complaint. Defendant Sheriff Dart further requests any other relief this Court deems just and proper. Moreover, Defendant Sheriff Dart requests that the Court stay discovery in this matter until the Court rules on this Motion.

        Respectfully Submitted,
        KIMBERLY M. FOXX
        State's Attorney of Cook County

By:   */s/ Robin Clayton*
        Robin Clayton
        Assistant State's Attorney
        Richard J. Daley Center
        50 West Washington, Room 500
        Chicago, IL 60602

## CERTIFICATE OF SERVICE

I, Robin Clayton hereby certifies that, in accordance with FED. R. CIV. P. 5. and LR 5.5 and the General Order on Electronic Case Filing (ECF), the foregoing was served pursuant to the District Court's ECF system as to ECF filers on August 5, 2024.

        */s/ Robin Clayton*
        Robin Clayton