# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MALIQUE CLARK, <br>         Plaintiff, <br> Vs. <br><br> THOMAS J. DART, <br> COOK COUNTY SHERIFF, <br> RICHARD SMITH, UNKOWN FIRST NAME, <br> OFFICER WILLIAMS, UNKOWN <br> CERMAK EMPOYEES, and <br> COOK COUNTY ILLINOIS, <br>         Defendants. | ) <br> ) Case No. 23-cv-10817 <br> ) <br> ) Judge: Jeremy C. Daniel <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <u>JURY TRIAL DEMANDED</u> |

## DEFENDANT COOK COUNTY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Defendant Cook County, ("Defendant"), by its attorney KIMBERLY M. FOXX, State's Attorney of Cook County, through her assistant, Robin Clayton, pursuant to Fed. R. Civ. P. 12(b)(6), and respectfully move this Court to Dismiss Plaintiff's Complaint with prejudice. In support of this Motion, Defendant state the following:

## STATEMENT OF FACTS

The following facts are taken from Plaintiff, Malique Clark's ("Plaintiff") Complaint and are presumed true solely for the purposes of this Motion. On September 20, 2022, Plaintiff, a detainee at Cook County Jail alleges correctional officers Smith and Williams hit and kicked Plaintiff. (Dkt. No. 1 ¶¶8-12). Plaintiff claims that following the alleged attack, he did not receive prompt medical care. (Dkt. No. 1 ¶39). Plaintiff also alleges that the correctional officers are agents of Cook County and Defendant is liable for its agents' tortious actions. (Dkt. No. 1 ¶¶40-41).

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss should be granted if, taking well-pleaded allegations of the complaint as true, the facts plausibly suggest a right to relief. *McCauley v. City of Chi.*, 671 F.3d 611, 618 (7th Cir. 2011) (applying *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must draw all reasonable inferences in the light most favorable to the Plaintiff. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). The plaintiff's factual allegations must plausibly suggest the plaintiff is entitled to relief, "raising that possibility above a speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (citing *Twombly*, 550 U.S. at 555). A "plaintiff's obligation to provide the 'grounds' of her 'entitlement for relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "A complaint will not suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2008).

## ARGUMENT

### I. COOK COUNTY SHOULD BE DISMISSED

In his Complaint, Plaintiff claimed that Cook County is liable for Counts I-V pursuant to respondeat superior for Defendant Correctional Officers alleged tortious actions pursuant to Section 1983. (Dkt No. 1 ¶¶3, 29, 30, 33, 40-42). These counts should be dismissed for two reasons. First, it is well established that when "a plaintiff asserts an official capacity claim, the action is deemed to be a suit against the local government itself." *Dawson v. Dart*, No. 17-cv-00283, 2020 U.S. Dist. LEXIS 42874, at *7 (N.D. Ill. Mar. 12, 2020). Accordingly, Plaintiff is required to establish a *Monell* claim against Defendant Cook County. *See De v. City of Chicago*, 912 F. Supp. 2d 709, 724 (N.D. Ill. 2012) ("In order to state a claim under § 1981 against a state

actor, government entity, or municipality, a plaintiff must establish municipal liability under Monell").

More specifically, to establish a *Monell* claim, Plaintiff must show either a policy, custom, or widespread practice violated his constitutional rights. *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). To show a gap in policy, Plaintiff must establish that Cook County had "notice that its program will cause constitutional violations." *J.K.J. v. Polk Cty.*, 960 F.3d 367, 379 (7th Cir. 2020). To properly plead widespread practices, Plaintiff must establish a pattern of similar constitutional violations with factual specificity. *See Winchester v. Marketti*, 2012 U.S. Dist. LEXIS 82761, 2012 WL 2076375, at *4 (N.D. Ill. June 8, 2012) ("What is fatal to the *Monell* claims is that Plaintiff makes no attempt to plead a pattern of similar constitutional violations with any degree of factual specificity"). Here, Plaintiff's Complaint is completely devoid of any policy, custom or widespread practice to support a *Monell* claim.

Moreover, Plaintiff implies that Cook County is responsible for Cook County Jail. (Dkt No. 1 ¶40). This is false. It is well established that "Cook County Jail is operated by the Cook County Sheriff's Department, which is an entity separate from Cook County." *Shultz v. Dart*, No. 13 C 3641, 2013 U.S. Dist. LEXIS 156546, at *2 (N.D. Ill. Oct. 31, 2013). The Sheriff has "final policymaking authority over the jail." *DeGenova v. Sheriff of DuPage County*, 209 F.3d 973 (7th Cir. 2000). Consequently, Cook County is not responsible for Cook County Jail and cannot be held liable for any *Monell* claims against Cook County Jail. *See Willis v. Dart*, No. 21-cv-01295, 2022 U.S. Dist. LEXIS 44471, at *18 (N.D. Ill. Mar. 14, 2022) ("thus plaintiff cannot sue Cook County under Monell for "practices, policies, or actions" unrelated to that entity.") Thus, Plaintiff has failed to properly bring a Section 1983 claim against Cook County.

Second, Cook County does not have an employment relationship with the Defendant Correctional Officers or Sheriff Dart. The respondeat superior doctrine states that "an employer can be held vicariously liable for the tortious acts of its employees." *Alms v. Baum*, 343 Ill. App. 3d 67, 71, (1st Dist. 2003). To impute the negligence of an agent onto an employer, "such persons must stand in a relation of privity and there is no such thing as imputable negligence except in those cases where such a privity as master and servant or principal and agent exists." *Moy v. County of Cook*, 159 Ill. 2d 519, 524, (1994). Thus, the doctrine of respondeat superior is not applicable absent an employment relationship. *Id.*

Here, there is no employment relationship between Cook County and the Defendant Correctional Officers or Sheriff Dart. "Settled precedent holds that an Illinois county is separate from the sheriff's office in that county." *Mitter v. County of Dupage*, No. 13 C 841, 2013 U.S. Dist. LEXIS 159497, at *7 (N.D. Ill. Nov. 7, 2013). It is well established that Cook County "is not liable for alleged misconduct by sheriff's office employees." *Id*. at *8. *See Franklin v. Zaruba*, 150 F.3d 682, 686 (7th Cir. 1998) ("sheriffs are agents of the county, but they are separate from the county boards to such a degree that the county boards cannot be held liable for their actions under respondeat superior"). Thus, Cook County cannot be held liable for any alleged tortious actions committed by the Defendant Correctional Officers or Sheriff Dart. Therefore, Plaintiff has failed to establish a respondeat superior or *Monell* claims against Cook County Cook County should be dismissed.

## II.  COUNT VI SHOULD BE DISMISSED

In Count VI, Plaintiff claimed that pursuant to 754 ILCS 10/9-102 and 55 ILCS 5/46-3 and 5-1106, Cook County must pay compensatory damages "for which employees acting within

4

the scope of their employment activities, is found liable." (Dkt No. 1 ¶44). However, the only other served Defendant in this case is Sheriff Dart. (Dkt. No. 14). As argued above Sheriff Dart and Cook County do not have an employee relationship. *Moy v. County of Cook*, 159 Ill. 2d 519, (1994). Thus, Cook County cannot be held hostage in case for indemnification purposes for nonemployees. Therefore, Count VI should be dismissed.

### III. PLAINTIFF IS BARRED FROM RECEIVING PUNITIVE DAMAGES

Plaintiff requested punitive damages for his alleged injuries "against the Defendants". (Dkt. ¶¶6, 29, 33, 42, pg. 8(b), ). Despite his request, punitive damages are not available in properly brought § 1983 official capacity claims. *City of Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981). Therefore, this Court should not permit Plaintiff to recover punitive damages against Defendant Cook County as a matter of law.

### **CONCLUSION**

WHEREFORE, Defendant Cook County respectfully request that this Court dismiss each of the claims against Defendant Cook County set forth in Plaintiff's Complaint. Defendant further request any other relief this Court deems just and proper. Moreover, Defendant request that the Court stay discovery in this matter until the Court rules on this Motion.

             Respectfully Submitted,
             KIMBERLY M. FOXX
             State's Attorney of Cook County

By:  */s/ Robin Clayton*
    Robin Clayton
    Assistant State's Attorney
    Richard J. Daley Center
    50 West Washington, Room 500
    Chicago, IL 60602

## **CERTIFICATE OF SERVICE**

      I, Robin Clayton hereby certifies that, in accordance with F<small>ED</small>. R. C<small>IV</small>. P. 5. and LR 5.5 and the General Order on Electronic Case Filing (ECF), the foregoing was served pursuant to the District Court's ECF system as to ECF filers on August 5, 2024.

                                                    */s/ Robin Clayton*
                                                    Robin Clayton