UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MALIQUE CLARK,

              Plaintiffs,

     v.

THOMAS J. DART, COOK COUNTY
SHERIFF; RICHARD SMITH; UNKNOWN
FIRST NAME OFFICER WILLIAMS;
UNKNOWN CERMAK EMPLOYEES, and
COOK COUNTY, ILLINOIS,

              Defendants.

No. 23 CV 10817

Judge Georgia N. Alexakis

MEMORANDUM OPINION AND ORDER

Plaintiff Malique Clark alleges that he was beaten unconscious by guards at the Cook County Jail without provocation. Clark brought suit in federal court against the guards who he says beat him, as well as Cook County Sheriff Thomas Dart and Cook County itself, who Clark believes employed the guards. Both Dart and Cook County now move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) as to them, [19], [20], arguing that they cannot be held responsible for the actions of the guards. For the reasons below, these motions are granted. Also for the reasons set forth below, Clark's motion for entry of default [11] is denied.

## I.    Legal Standards

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A court must accept

the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor (as the Court does in the section that follows), but a court need not accept legal conclusions or "threadbare recitals" supported by "conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. Background

Clark alleges that he was subject to an "unprovoked and malicious beating" at the Cook County Jail by two corrections officers: Richard Smith and Williams, whose first name Clark does not know. [1] at 1.[1] Clark was a detainee at the Cook County Jail on or about September 20, 2022. *Id.* at 3. After a phone call—and while handcuffed—Clark was attacked by Smith and knocked to the ground, where Smith continued to kick and knee him in the face *Id*. This resulted in serious injuries and Clark falling unconscious. *Id.* Clark was later shown a video of the incident by another corrections officer, and that video showed Williams also beating the unconscious Clark. *Id.* at 4. Clark ultimately "spent weeks in the hospital and incurred vast medical bills." *Id*.

Clark sued Smith and Williams under 42 U.S.C. § 1983. *See* [1]. Because he alleges Smith and Williams "acted under the color of law," Clark also sued both Dart and Cook County under theories of respondeat superior and indemnification. *Id.* at 6–7. Finally, Clark sued "unknown Cermak employees"[2] for failing to provide him

---

[1] Because Clark's complaint does not number its paragraphs in a consistent fashion—skipping some numbers and duplicating others—the Court cites to the complaint's page numbers instead.

[2] The Court understands this language to refer to employees of Cermak Health Services, which provides medical care to Cook County Jail detainees.

with proper medical care after the beating, though he provides no details about why the care was inadequate. *Id.* at 7.

## III. Analysis

### A. Cook County

As a threshold matter, Clark is mistaken about who Smith and Williams work for. In Illinois, it is the sheriff, not the county, who is "responsible for the hiring and training of all personnel necessary to operate and maintain the [county] jail." 730 ILCS 125/3. Because the sheriff's office is legally distinct from the county, *see Johnson v. Cook Cnty. Sheriff's Office*, No. 16 C 07523, 2018 WL 2193235, at *3 (N.D. Ill. 2018) (citing *Moy v. Cnty. of Cook*, 159 Ill. 2d 519 (1994)), the county is not liable for the actions of sheriff's office employees, *see Mitter v. Cnty. of DuPage*, 13 CV 841, 2013 WL 5951810, at *3 (N.D. Ill. Nov. 7, 2013) (listing cases).

Even if the necessary employment relationship existed, respondeat superior "is not a basis for rendering municipalities liable under § 1983 for the constitutional torts of their employees." *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014) (quoting *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978)). Instead, Clark must allege that the employees' acts were "caused by: (1) an official policy adopted and promulgated by [the county's] officers; (2) a governmental practice or custom that, although not officially authorized, is widespread and well settled; or (3) an official with final policy-making authority." *Thomas v. Cook Cnty. Sheriff's Dept.*, 604 F.3d 293, 303 (7th Cir. 2010) (citing *Monell*, 436 U.S. at 690).

Clark has not done so. The complaint only relates the officers' individual behavior, and Clark concedes that it "does not allege a broad pattern of misconduct."

3

[23] at 1.[3] Instead, Clark argues that such allegations are "not required," because he "intends to allege that the excessive force was part of a pattern of unconstitutional practices attributable to … the Sheriff's office." *Id.* at 1–2. But if Clark seeks to bring a *Monell* claim against Cook County he *is* required to allege unconstitutional policies or customs by that defendant. The Court evaluates a Rule 12(b)(6) motion to dismiss by "accept[ing] as true all of the allegations *contained in a complaint*." *Iqbal*, 556 U.S. at 678 (emphasis added). What Clark "intends to allege" is irrelevant for the purpose of the instant motion. Because Clark has not alleged any facts that could allow the Court to infer *Monell* liability against the county, he has failed to state a claim against Cook County.

## B. Sheriff Dart

The claims against Dart fare no better. As with the county, "[t]here is no such thing as respondeat superior liability for government officials under § 1983." *Taylor v. Ways*, 999 F.3d 478, 493 (7th Cir. 2021). Rather, "[t]he supervisor is [] liable only if she was personally involved in the constitutional violation." *Id.* Since Clark sues Dart only in Dart's official capacity, [1] ¶ 5, to state a *Monell* claim Clark must allege that some "official policy, widespread custom, or action by an official with policy-making authority was the moving force behind his constitutional injury." *Dixon v. Cnty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016) (cleaned up).

---

[3] Clark's responses are not paginated, so the Court uses the blue ECF numbers at the top right of the page.

But the complaint does not allege any policy, custom, or action attributable to Dart, a deficiency Clark appears to acknowledge in his response. *See* [25] at 1 ("The Complainant intends to amend his complaint to give details and specific actions taken by the Sheriff"); *id.* at 2 ("[Plaintiff] intends to amend his Complaint to include allegations of a failure to train and supervise officers adequately, suggesting systemic deficiencies in the Sheriff's office."). Clark has thus not stated a claim against Dart.

### C.   Cermak Employees

Prison medical staff are potentially liable under § 1983 if their treatment of a pretrial detainee like Clark is objectively unreasonable. *See Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). But Clark has provided no details at all about his alleged mistreatment beyond the conclusory statement that he "was denied proper medical care." [1] ¶ 42. A district court can dismiss a claim under Rule 12(b)(6) *sua sponte* "provided that a sufficient basis for the court's action is evident from the plaintiff's pleading." *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997). The Court does so here, because Clark has not alleged any facts that could allow the Court to infer a constitutional violation related to medical treatment.

### D.   Motion for Entry of Default

Clark has also moved for entry of default against all defendants. [11]. But defendants Dart and Cook County have appeared in this matter and filed the motions to dismiss that the Court just resolved, so entry of default against them is not warranted. *See* Fed. R. Civ. P. 55(a) (default is entered against parties who have "failed to plead or otherwise defend").

5

As to the remaining defendants, Clark has not established that any of them were properly served. First, in support of his motion, Clark's counsel attests that "defendant"—singular, so the Court does not know which one—"was served with a copy of the summons and complaint on March 14, 2024." [11-1] at ¶ 3. Second, the proof of service filed on the Court's docket reflects that on March 14, 2024, Clark served the Federal Civil Rights Litigation Division of the City of Chicago's Department of Law. [10]. Clark never explains how or why serving a Chicago entity or employee can be considered proper service of the defendants in this matter, none of whom appear to have any affiliation with the City of Chicago, and the Court doubts this can be the case. Clark's motion for entry of default is therefore denied.[4]

## IV. Conclusion

For the foregoing reasons, Cook County's and Dart's motions to dismiss are granted [19], [20], and Clark's motion for entry of default is denied [11]. The claims against Cook County, Dart, and the Cermak employees are dismissed without prejudice. Clark may refile an amended complaint to cure the deficiencies identified above, assuming he can do so while still complying with his obligations under Federal Rule of Civil Procedure 11. *See Runnion ex rel. Runnion v. Girl Scouts of Greater*

---

[4] If Clark still intends to serve the other defendants in this matter, he may want to move to extend time for service promptly and/or communicate with counsel for defendant Dart about how best to effectuate service of Dart's employees. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time," unless plaintiff shows good cause for the failure and the court then extends the time for service for an appropriate period.").

*Chicago & Nw. Indiana*, 786 F.3d 510, 519–20 (7th Cir. 2015). Any amended complaint is due on or before 3/4/25. If no amended complaint is filed by that date, the dismissals will automatically convert to dismissals with prejudice.

_____
Georgia N. Alexakis
United States District Judge

Date: 2/4/25

7